# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | |
|---|---|
| **ANDREA BURNSIDE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15-cv-2193—JDT-tmp |
| | ) |
| **THE UNIVERSITY OF MEMPHS,** | ) |
| **DEAN L. HANSEN, MARGIE** | ) |
| **WILLIAMSON, GERALDINE JONES,** | ) |
| **KIM MCAFFEE, YOLANDA HODGES,** | ) |
| **and DAPHENE MCFERREN, in** | ) |
| **their official capacity,** | ) |
| | ) |
| Defendants. | ) |

_____

## REPORT AND RECOMMENDATION
_____

On March 20, 2015, plaintiff Andrea Burnside filed a complaint against defendants, accompanied by an application to proceed *in forma pauperis*, which the court granted. (ECF Nos. 1, 2, 4.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the reasons below, it is recommended that Burnside's complaint be dismissed pursuant to 28 U.S.C § 1915(e)(2)(B)(ii-iii).

### I. PROPOSED FINDINGS OF FACT

Burnside's 33-page handwritten complaint arises from the termination of her employment on July 3, 2014, as a custodian at

the University of Memphis ("the University"), where she had worked for fifteen years. (Compl. at 5, 7.) Burnside alleges that the termination came as a result of a verbal altercation with defendant Kim McAffee, her manager. (Compl. at 13-14.) Burnside further alleges that at her job termination hearing, defendant Daphene McFerren (who apparently presided over the termination hearing) found that Burnside committed fraud by leaving work while still on the clock, in addition to other infractions. (Compl. at 14.) Burnside claims that the University did not provide her with an adequate opportunity to cross-examine witnesses at the termination hearing and that defendant Geraldine Jones's testimony against her was "hearsay." (Compl. at 16.) Burnside also alleges that defendant Yolanda Hodges submitted a fabricated statement during the termination hearing that accused Burnside of "signing or filling out sanitation reports illegally." (Compl. at 17.) Burnside contends that these defendants' actions were in furtherance of a conspiracy to unlawfully terminate her employment. (Compl. at 17.) She claims that the termination of her employment violates her Fourteenth Amendment right to due process and that the job termination hearing violated her First Amendment rights. (Compl. at 27, 29.)

Burnside identifies as defendants the University and McAffee, McFerren, Jones, Hodges, Dean L. Hansen, and Margie

Williamson, presumably all University employees. (Compl. at 1.) Burnside specifies that she brings claims against the individual defendants in their official capacity. (Compl. at 1, 25, 29, 31.) Burnside lists her causes of action as the following: falsifying state or administrative documents, unlawful termination without due process, slander, "personal injury (emotional trauma and economic suffering)," negligence, and claims under 42 U.S.C. § 1983 for violations of her First and Fourteenth Amendment rights. (Compl. at 1.) Burnside seeks to recover lost wages and $250,000 in damages from the University, as well as $250,000 from defendants Hansen, McAffee, and Hodges in their official capacity "if the University is granted Eleventh Amendment immunity." (Compl. at 31-32.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Standard of Review

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

   (i) is frivolous or malicious;

   (ii) fails to state a claim on which relief may be granted; or

   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C § 1915(e)(2)(B)(i–iii). In assessing whether a complaint in this case states a claim on which relief may be

granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegation in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempted from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks

omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**B. Eleventh Amendment Sovereign Immunity**

As an initial matter, the court notes that Burnside has sued both the University and the individual defendants in their "official capacities." "Official-capacity suits represent only another way of pleading an action against an entity of which an officer is an agent." Everson v. Leis, 556 F.3d 484, 493-94 n.3 (6th Cir. 2009) (internal citations and quotation marks omitted). "An official capacity suit is, in all respects other than the name, to be treated as a suit against the entity."

Briner v. City of Ontario, 370 F. App'x 682, 699 (6th Cir. 2010) (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)) (internal quotation marks omitted); see also Moore v. City of Harriman, 272 F.3d 769, 776 (6th Cir. 2001) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office . . . as such, it is no different from a suit against the State itself.") (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)). The only exception to this general rule is when an individual is sued in his or her official capacity for prospective injunctive relief to end a continuing violation of federal law by that official. Ex Parte Young, 209 U.S. 123, 159–60 (1908). "The Ex Parte Young exception . . . applies only when the lawsuit involves an action against state officials, not against the state." Elephant Butte Irrigation Dist. of N.M. v. Dep't of the Interior, 160 F.3d 602, 607 (10th Cir. 1998). "[O]fficial-capacity actions for prospective relief are not treated as actions against the State." Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); see also Whitfield v. Tennessee, 639 F.3d 253, 257 (6th Cir. 2011) ("An Ex Parte Young action may be commenced only against a state official acting in her official capacity and may seek [only] prospective relief to end a continuing violation of federal law.") (internal quotation omitted). Burnside does not seek injunctive relief in her

complaint, only monetary damages. (Compl. at 31–32.) Therefore, these claims do not fall under the Ex Parte Young exception.

The Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although the text of the Amendment refers only to suits against a State by citizens of another State, [the Supreme Court] has repeatedly held that an unconsenting State also is immune from suits by its own citizens." Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 446 (2004) (citing cases). "In addition to the states themselves, Eleventh Amendment immunity can also extend to departments and agencies of states." Mingus v. Butler, 591 F.3d 474, 481 (6th Cir. 2010) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). "Eleventh Amendment immunity attaches only to defendants that are the state itself or an 'arm of the State.'" Town of Smyrna, Tenn. v. Mun. Gas Auth. of Ga., No. 12-5476, 2013 WL 3762889, at *8 (6th Cir. July 19, 2013) (quoting Ernst v. Rising, 427 F.3d 351, 358 (6th Cir. 2005)). "The burden of establishing Eleventh Amendment immunity lies with the state[.]" Barker v. Goodrich, 649 F.3d 428, 432 (6th Cir. 2011) (citing Gragg v. Ky. Cabinet for Workforce Dev.,

289 F.3d 958, 963 (6th Cir. 2002)). Courts have, however, recognized two exceptions to state sovereign immunity from suit in federal courts under the Eleventh Amendment (aside from the Ex Parte Young exception for suits against state officials): (1) when the state has consented to suit; and (2) when Congress has acted, pursuant to its Fourteenth Amendment Enforcement Clause powers, to abrogate state sovereign immunity. See, e.g., Beil v. Lake Erie Corr. Records Dep't, 282 F. App'x 363, 365 (6th Cir. 2008); S & M Brands, Inc. v. Cooper, 527 F.3d 500, 507 (6th Cir. 2008); Cox v. Shelby State Cmty. Coll., 48 F. App'x 500, 504 (6th Cir. 2002).

According to Tennessee statute, the University is part of Tennessee's established state university and community college system. Tenn. Code Ann. § 49-8-101(a). Courts have consistently held that members of Tennessee's university system, including the University of Memphis in particular, are entitled to the State's Eleventh Amendment sovereign immunity. See Long v. Richardson, 525 F.2d 74, 79 (6th Cir. 1975) ("[The University of Memphis] is an institution to which the doctrine of sovereign immunity applies[.]"); see also Dotson v. State Technical Inst. of Memphis, Tenn., No. 97-5629, 1997 WL 777947, at *1 (6th Cir. Dec. 12, 1997); Dunn v. Spivey, No. 2:09-0007, 2009 WL 1322600, at *3 (M.D. Tenn. May 11, 2009); Giorgadze v. Tenn. Tech. Ctr., No. 06-CV-264, 2007 WL 2327034, at *4 (E.D. Tenn. Aug. 10,

2007); Henderson v. Sw. Tenn. Cmty. Coll., 282 F. Supp. 2d 804, 807 (W.D. Tenn. 2003); Boyd v. Tenn. State Univ., 848 F. Supp. 111, 114 (M.D. Tenn. 1994). Thus, the court finds that the University of Memphis is an arm of the State of Tennessee and Eleventh Amendment sovereign immunity applies. Tennessee has not waived its sovereign immunity or consented to suit in this case. See Tenn. Code Ann. § 20-13-102(b); see also Wingo v. Tenn. Dep't of Corr., 499 F. App'x 453, 454 (6th Cir. 2012). Therefore, unless Congress has expressly abrogated state sovereign immunity for a particular claim, such claim should be dismissed.

**C. Federal Civil Rights Claims Under the First and Fourteenth Amendments**

Congress has not abrogated the states' sovereign immunity for claims pursuant to § 1983, and courts have consistently held that the Eleventh Amendment bars claims pursuant to this statute against non-consenting states. See, e.g., Sefa v. Kentucky, 510 F. App'x 435, 437 (6th Cir. 2013) ("Congress has not abrogated state sovereign immunity under sections 1981 and 1983[.]"); Sykes v. United States, 507 F. App'x 455, 462 (6th Cir. 2012) ("All civil rights claims brought under 42 U.S.C. §§ 1983 and 1985 against the University of Cincinnati Medical Center are barred by Eleventh Amendment immunity."). Therefore, Burnside's § 1983 claim for violations of her First and Fourteenth

Amendment rights is barred against the University and the individual defendants in their official capacities by Eleventh Amendment sovereign immunity. See McCoy v. Michigan, 369 F. App'x 646, 653 (6th Cir. 2010); Moore v. Univ. of Memphis, No. 10-2933-AJT-TMP, 2013 WL 6550434, at *7-9 (W.D. Tenn. Aug. 16, 2013) report and recommendation adopted, No. 10-2933, 2013 WL 6538391 (W.D. Tenn. Dec. 13, 2013). Further, Burnside's complaint fails to state a claim upon which relief may be granted, as the Supreme Court has expressly held that neither a state nor its officials acting in their official capacities are "persons" subject to suit under § 1983. Will, 491 U.S. at 71.

**D. Jurisdiction Over Remaining State Law Claims**

Burnside has also included in her complaint various state law claims, such as falsifying documents, slander, negligent or intentional infliction of emotional distress, and negligence. "[T]he doctrine of pendant jurisdiction does not override the Eleventh Amendment." Williams v. Commonwealth of Ky., 24 F.3d 1526, 1543 (6th Cir. 1994). "[A]s a general rule, the Eleventh Amendment bars state law claims against state employees in their official capacity, regardless of what type of relief is sought." Burton v. Durnin, No. 3:11-CV-429, 2012 WL 946747, at *7 (E.D. Tenn. Mar. 20, 2012) (citing Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 521 (6th Cir. 2007)). Congress has not abrogated Tennessee's immunity to allow tort claims to be filed

against the State in federal court. Nor has Tennessee consented to suit in federal court for tort claims brought under state law. A state's waiver of Eleventh Amendment immunity in federal court must be explicit. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 104 (1984). "[W]hile Tennessee has consented to being sued in other forums such as the Tennessee Claims Commission, it has not consented to being sued in federal court for tort claims brought under state law." Burton, 2012 WL 946747, at *7. In fact, the Tennessee Supreme Court has recognized that the State of Tennessee retains its immunity outside the Tennessee Claims Commission. See Stewart v. State, 33 S.W.3d 785, 790 (Tenn. 2000). Therefore, because Tennessee has not consented to being sued in federal court on the state law claims and Congress has not abrogated state immunity for such claims, it is recommended that all of Burnside's state law claims be dismissed against the University and individual defendants in their official capacities. See Moore, 2013 WL 6550434, at *9.

### III. RECOMMENDATION

For the reasons above, it is recommended that Burnside's complaint be dismissed pursuant to 28 U.S.C § 1915(e)(2)(B)(ii-iii).

Respectfully submitted,

S/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 12, 2015
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**